RECEIVED
IN LAKE CHARLES, LA
MAY - 7 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 6:10 CR –372-001 |
| VS. | : | JUDGE MINALDI |
| JASON DANIEL SCOTT | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Scott first objects to ¶21, specifically the 5-level enhancement that was assessed according to the provisions of USSG §2G2.2(b)(3)(B)[1]. Pursuant to §2G2.2(b)(3)(B), if the offense involved distribution for the receipt or expectation of receipt, of a thing of value, but not for pecuniary gain, the offense level is to be increased by 5 levels. The defense argues that the offense of conviction did not involve distribution for receiving gain, or for the receipt, or expectation of the receipt, of a thing of value.

According to the offense conduct Scott used Limewire to upload child pornography. Limewire is used to trade files among members. Forensic examination of Scott's computer revealed the presence of 3 videos which contained images of child pornography. Also on the computer were cartoon images which included drawings of children being sexually exploited.

---

[1] §2G2.2 pertains to trafficking in material involving the sexual exploitation of a minor; receiving, transporting, shipping, soliciting, or advertising material involving the sexual exploitation of a minor; possessing material involving the sexual exploitation of a minor with intent to traffic; possessing material involving the sexual exploitation of a minor.

The issue of whether or not the use of peer-to-peer file sharing software triggers §2G2.2(b)(3)(B) was recently clarified by the Fifth Circuit in *United States v. Groce*, No. 14-50272, filed April 28, 2015 (5th Cir. 2015). Groce challenged the applicability of §2G2.2(b)(3)(B). The language "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" includes "any bartering of child pornographic material....in exchange for other child pornographic material." *Id.*, p. 4. Groce argued that the enhancement did not apply because there was no evidence that he distributed any child pornography or that he ever expected anything in return.

The court reasoned that, generally, when a defendant knowingly uses peer-to-peer file sharing software, he engages in the kind of distribution contemplated by §2G2.2(b)(3)(B). A peer-to-peer file sharing program "lets users exchange digital files through a network of linked computers." *Id.*; *United States v. Richardson*, 713 F.3d 232, 233 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 230 (2013). The court held that by using this software, the defendant was agreeing to distribute the child pornography on his computer in exchange for additional child pornography. This is precisely the kind of exchange contemplated by §2G2.2(b)(3)(B).

Pursuant to the reasoning of the court in *Groce,* Scott, by using Limewire and other peer-to-peer file sharing programs, agreed to share the child pornography he gathered. The enhancement contained in §2G2.2(b)(3)(B) is applicable. The defendant's objection is OVERRULED.

In his second objection, Scott argues that ¶10 of the PSR should be deleted as it was replaced by ¶11. Probation submits that the information in ¶10 was obtained from the investigative reports and that the court is not bound by the stipulation contained in ¶11.

This objection does not affect the guidelines calculations and therefore, does not require a

ruling by the court.

Lake Charles, Louisiana, this ___ day of May, 2015.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE